**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4480

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESHAWN MILES, a/k/a Now Later,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:22-cr-00240-KDB-SCR-1)

Submitted:  June 30, 2026                                     Decided:  July 15, 2026

Before WYNN and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul K. Sun, Jr., Ellis & Winters LLP, Raleigh, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn Miles appeals the district court's judgment revoking his supervised release, sentencing him to 12 months' imprisonment to be followed by 24 months' supervised release, and imposing the district's standard discretionary conditions of supervised release. Miles argues that the district court did not adequately explain its imposition of the additional supervised release term and the accompanying discretionary conditions. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "Although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed."

2

*United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review with the "assurance that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (citation modified).

Additionally, "a sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any [discretionary] conditions of supervised release." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020). "The degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (citation modified). In that vein, a court must provide a reason for assigning a discretionary condition of supervised release unless (1) the reason is "self-evident," (2) the defendant did not raise a nonfrivolous objection to the condition, and (3) the court offered an adequate explanation for the sentence as a whole. *Id.* at 559 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court adequately explained its imposition of the additional term of supervised release and the discretionary conditions. The court stated that the supervised release terms and conditions would help Miles adjust to life outside of prison and prevent him from reoffending, indicating that it had considered the need to deter Miles, provide for his rehabilitation, and protect the public. *See* 18 U.S.C. § 3553(a)(2)(B), (C), (D). The court further explained that an additional term of supervised release was appropriate for the same reasons that the original term was

3

imposed.  Although the court did not detail those reasons, we conclude that they were not necessary to the court's explanation, which focused on the fact that Miles had effectively avoided serving his original term of supervised release by lying about his residence and thereby eluding supervision.  Finally, Miles did not object to the imposition of the district's standard discretionary conditions, and the reasons for their imposition were self-evident.

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*